STATE OF MAINE            SUPERIOR COURT
PENOBSCOT, SS.            CIVIL ACTION
                                   Docket No. AP-05-6

                                   JLH-P: /-1/13/C?

Kristen M. Brown,
       Plaintiff/Appellee

FILED & ENTERED
SUPERIOR COURT

JAN 17 2006

PENOBSCOT COUNTY

v.                               Order on Appeal

Bangor Housing Authority,
       Defendant/Appellant

       Bangor Housing Authority (BHA) appeals from a small claims judgment entered in the District Court (R. Murray, J.) awarding Kristen M. Brown the sum of $1,332.30, representing the amount of rent she paid to BHA in excess of the amount the court concluded she should have been required to pay under a lease. The court has reviewed the parties' submissions and the record on appeal. For the reasons set out below, the court affirms the judgment.

       In its judgment, the District Court issued findings of fact, and BHA does not challenge them here.[1] The court found that Brown applied for public housing with BHA in September 2001. Under applicable federal law, the amount of a tenant's monthly rent is 30% of her adjusted gross income, but no less than $25. 42 U.S.C. §§ 1437a(a)(1), (3).[2] In Brown's application for housing with BHA, she stated that she would be applying for TANF benefits. The same month that she filed that application, she was advised that she would receive $363 in monthly TANF benefits beginning in October 2001. In November 2001, however, she was notified that she was not eligible for benefits because her child did not live with her.

---

[1] The record on appeal does not include a transcript of the trial testimony. The nature of the issues raised on this appeal can be examined on the undisputed record in its present form.

[2] Section 1437a(a)(3) authorizes local public housing authorities such as BHA to impose a minimum monthly rental payment of no more than $50. BHA's minimum monthly rental charge is $25.

1

Beginning in late February 2002, Brown moved into public housing administered by BHA. That tenancy was created by a lease that provided for monthly rental payments of $157. However, from February through October, Brown had no income, and at some point, she advised BHA of this situation.[3] Under the applicable federal law, Brown thus should have paid $25 per month. In November 2002, she began to receive monthly TANF benefits of $363. Based on the rental payment formula set out in federal law, her monthly rent beginning that month should have been $108.90 (30% of the amount of the TANF benefits). However, during the time period at issue, which was February 2002 through February 2003, Brown paid the full amount of rent quantified in the lease. The District Court concluded that Brown was entitled to recover the amount of rent she paid in excess of the limitations created by federal statute. On this basis, the court entered judgment for Brown in the amount of $1,332.30. BHA appeals from this judgment.

The rental agreement contains two provisions governing the amount of monthly rent. The first was the rental figure of $157, which is set out expressly. The second is brought into the lease agreement through the provision that expressly incorporates any applicable federal law that might conflict with other terms of the instrument.[4] As the District Court found, the amount of Brown's rent as determined by federal law was different than the amount of rent required by the former term. This creates an ambiguity, because the end result is a conflicting set of provisions. BHA argues that the lease instrument is not internally ambiguous because the source of one of the two conflicting provisions is external to the lease contract. However, Section XI incorporates certain

---

[3] In making this finding, the District Court referred to joint trial exhibit 4, which is a schedule that lists Brown's monthly income. That schedule is dated October 4, 2002, which is the end of the time period covered the income history. The court found that Brown provided this information to BHA although not in a form that the agency prescribed.

[4] Section XI of the lease provided:

> Notwithstanding anything to the contrary contained herein, in the event any provisions of this lease conflict with federal law governing public housing agencies, including but not limited to those codified in 42 USC Section 1437 et seq., or federal regulations promulgated thereunder, as amended or replaced from time to time, such laws and/or regulations shall be controlling and incorporated herein by reference.

federal law into that agreement by reference. One of those federal laws is the statute that creates restrictions on the amount of monthly rent that a public housing authority tenant may be required to pay. Thus, because of the structure of the lease agreement, the quantitative terms of the federal statute are incorporated into the lease and consequently create the ambiguity, which takes the form of an inconsistency with the reference to a monthly lease obligation of $157.

Of the two terms that create the ambiguity, the controlling provision is the lower amount of rent, which is calculated pursuant to section 1437a. Therefore, notwithstanding the recital in the lease agreement that Brown's monthly rent would be $157, the court correctly concluded that this amount was in excess of what the lease actually required and that she was entitled to reimbursement for that difference.

BHA also contends that Brown is not entitled to a remedy under the federal statutory law discussed above and under federal caselaw that examines that statute. However, the judgment resulted from the District Court's examination of the terms of the lease, which itself incorporated the provisions of federal law that BHA contends do not entitle Brown to relief. Thus, BHA's characterization of the foundation for the judgment is not supported by the court's analysis.

The entry shall be:
Judgment affirmed.

Dated: January 13, 2006

Justice, Maine Superior Court

3

Date Filed __3/22/05__    PENOBSCOT _____ Docket No. __AP-2005-6__
                                County

Action ___SMALL CLAIM APPEAL_____

   **ASSIGNED TO JUSTICE JEFFREY L. HJELM**


KRISTEN BROWN                          vs.  BANGOR HOUSING AUTHORITY

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PINE TREE LEGAL ASSISTANCE<br>61 MAIN STREET RM 41<br>BANGOR, ME.  04401<br>BY:  CARL E. KANDUTSCH, ESQ. | GROSS MINSKY MOGAL PA<br>23 WATER ST SUITE 400<br>P O BOX 917<br>BANGOR, ME.  04402<br>BY:  EDWARD W. GOULD, ESQ. |

| Date of Entry | |
|---|---|
| 3/22/05 | Appeal from District Court, District III, Division of Southern Penobscot, Bangor, ME.  (Small Claims Docket No. BANDC-SC-2004-189)  The following pleadings were received and filed. |

1.   Statement of Claim (Small Claims)
2.   Application of Plaintiff to Proceed Without Payment of Fees M.R.Civ.P. 91, together with Indigency Affidavit.
3.   Plaintiff's Application to Proceed Without Payment of Fees.  Granted. Filing fee is waived.
4.   Entry of Appearance by Carl E. Kandutsch, Esq., for the Plaintiff.
5.   Acceptance of Service on defendant's behalf by Edward Gould, Esq.
6.   Entry of Appearance by Edward W. Gould, Esq., for the Defendant.
7.   Notice of Small Claims Hearing.
8.   Entry of Appearance by Edward W. Gould, Esq., for the Defendant.
9.   Court Alternative Dispute Resolution Service, Report of Completed Session – Small Claims:  Unresolved.
10.  Order – Small Claims Hearing continued. (Worth, J.)
11.  Notice of Small Claims Hearing.
12.  Motion to Extend Time for File Plaintiff's Brief.
13.  Court's ruling on Plaintiff's Motion to Extend Time to File Brief.
14.  Motion to Extend Time for File Plaintiff's Brief.
15.  Court's ruling on Plaintiff's Motion to Extend Time to File Brief.
16.  Joint Exhibit 1.
17.  Joint Exhibit 2.
18.  Joint Exhibit 4.
19.  Joint Exhibit 5.
20.  Defendant's Exhibit 1.
21.  Defendant's Exhibit 3.
22.  Exhibit 4.
23.  Exhibit 5.
24.  Plaintiff's Brief filed.
25.  Brief of Defendant filed.
26.  Plaintiff's Reply Brief filed.

-continued-